## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CONTI 11. CONTAINER SCHIFFARTS-GMBH & CO. KG MS "MSC FLAMINIA"**

**CIVIL ACTION NO.  22-1114**

**JUDGE**

**VERSUS**

**MSC MEDITERRANEAN SHIPPING COMPANY S.A.**

**MAGISTRATE**

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Conti 11. Container Schiffarts-GMBH & Co. KG MS "MSC FLAMINIA" ("Conti") to bring its Complaint against MSC Mediterranean Shipping Company S.A. ("MSC").

## INTRODUCTION

1.       Plaintiff Conti is a foreign company organized under the laws of Germany.  At all times relevant to this dispute, Conti is and was the registered owner of the MSC FLAMINIA, a container vessel ("FLAMINIA").

2.       MSC is a foreign company organized under the laws of Switzerland.  At all times relevant to this dispute, MSC was the Time Charterer of the FLAMINIA.

3.       On or about November 3, 2000, Conti, as owner, and MSC, as charterer, executed a Time Charter pursuant to which MSC chartered the FLAMINIA.  As relevant herein, the Time Charter required that all disputes arising out of the agreement be submitted to arbitration in London.[1]

---

[1] A true and accurate copy of the Time Charter is attached hereto as exhibit A-1.  The arbitration clause is contained in lines 107-109 of the Time Charter.

4.      On or about July 1, 2012, MSC caused a container containing divinylbenzene ("DVB") to be loaded aboard the FLAMINIA at the port of New Orleans.

5.      On or about July 14, 2012, the container of DVB exploded while the FLAMINA was crossing the Atlantic Ocean (hereinafter, the "Incident").  As a result of the Incident, three members of the FLAMINIA's crew died and several others were injured.  Following the Incident, the FLAMINA was towed to port and eventually repaired.

6.      As a result of the Incident, several pieces of litigation unfolded in various jurisdictions.[2]  As relevant to this proceeding, MSC initiated arbitration proceedings against Conti in 2012.  Pursuant to the terms of the Time Charter, the disputes between Conti and MSC were submitted to arbitration before a panel of three arbitrators in London.  Following a period of inactivity on both sides, Conti served claim submissions in 2017 asserting a claim against MSC in which Conti sought to recover its losses associated with the Incident from MSC.  For its part, MSC denied liability to Conti.

7.      The London Arbitrators issued their decision on the dispute in four parts:[3]

    a.  A "Partial Final Award," issued on February 8, 2021, rejecting one of MSC's contractual defenses;

    b.  A "Second Partial Final Award," issued on March 30, 2021, holding that MSC was liable to Conti for Conti's losses as a result of the incident and rejecting MSC's liability claims against Conti;

    c.  A "Third Partial Final Award," issued on July 30, 2021, quantifying Conti's recoverable damages from MSC; and

---

[2] One such suit was filed in this Court by Conti against New Orleans Terminal, LLC (No. 15-3704). That matter was stayed and has not been reopened.

[3] True and accurate copies of the four partial awards are attached hereto as Exhibit A-2, *in globo*.

      d. A "Third Partial Final Award Correcting Memorandum," issued on September 1, 2021 correcting certain language in the Third Partial Final Award.

8.      Together, the four partial awards (collectively hereinafter, the "Award") constitute the full and final decision of the London Arbitrators with respect to liability and quantum and represent a final award in favor of Conti and against MSC.  As of the filing of this Complaint, MSC's outstanding liability to Conti under the Award is approximately $200,000,000 (two hundred million dollars).[4]

9.      As of the filing of this Complaint, MSC has not fully paid the Award.  Therefore, Conti now files this action pursuant to The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. 6997, 330 U.N.T.S. 3, (the "Convention") and its enabling legislation in the United States, 9 U.S.C. § 201, *et seq*. seeking confirmation of the Award as a judgment of this Court.

## PARTIES

10.      Plaintiff Conti 11. Container Schiffarts-GMBH & Co. KG MS "MSC FLAMINIA" is a German company with its principal place of business in Hamburg, Germany.

11.      Defendant MSC Mediterranean Shipping Company S.A. is a Swiss company with its principal place of business in Geneva, Switzerland.

---

[4] The Award contains six different sums, each in a different currency, and provides for compounded interest at the rate of 5%.

## JURISDICTION AND VENUE

12.     The Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331. Conti's action arises under 9 U.S.C. § 207, 9 U.S.C. § 203, and the Convention because Conti seeks an order confirming the Award and the Award falls under the Convention.

13.     Venue in this District is proper pursuant to 9 U.S.C. § 204, which provides that this action "may be brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought."  The cargo that exploded, causing the Incident that gave rise to Conti's damages, was loaded on the FLAMINIA in New Orleans and this action relates to MSC liability for the shipment of that cargo in breach of certain provisions in the Time Charter.  Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Conti's claims occurred in this judicial district.

## BACKGROUND

14.     As noted above, following the explosion aboard the FLAMINIA, Conti brought an action in arbitration in London to recover damages owed to it by MSC pursuant to the Time Charter.

15.     At the conclusion of those proceedings, the London Arbitrators concluded that MSC breached the Time Charter, that MSC's breach of the Time Charter caused the losses claimed by Conti as a result of the Incident, and awarded Conti its damages sustained as a result of the Incident.

16.     Accounting for accrued interest, the conversion of the Award into U.S. Dollars, and payment previously made by MSC, MSC presently owes Conti in excess of US$200 million.

PD.37313036.2

17.     The Award has become final and is now subject to confirmation and enforcement in the United States.

18.     MSC has refused to fully satisfy the Award.

19.     Accordingly, Conti seeks to make the Award a judgment of this Court.

### COUNT I
### APPLICATION FOR CONFIRMATION OF FOREIGN ARBITRAL AWARD

20.     Conti incorporates the allegations set forth in the preceding paragraphs as if set forth in full herein.

21.     9 U.S.C. § 207 provides that "Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration.  The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."

22.     The Award is "an arbitral award falling under the Convention."

23.     An arbitration award is governed by the Convention when: (1) it "has been made in one signatory state and recognition or enforcement is sought in another signatory state"; (2) the award arises out of a commercial relationship; and (3) at least one party is not a United States citizen.  *Asignacion v. Rickmers Genoa Schiffahrtsgesellschaft mbH & Cie KG*, 783 F.3d 1010, 1015 (5th Cir. 2015).

24.     The Award was made in the United Kingdom, which is a signatory to the Convention.

25.     Conti seeks to enforce the Award in the United States, which is also a signatory to the Convention.

26.      The Award arises out of the Time Charter between Conti and MSC, which is a commercial relationship.

27.      At least one party to the Award is not a United States Citizen.  Indeed, neither of the parties to the Award is a United States Citizen.

28.      Accordingly, the Award falls under the Convention.

29.      Because the Award falls under the Convention, "[t]he court 'shall confirm' the award unless a ground to refuse enforcement or recognition specified in the Convention applies." *Asignacion v. Rickmers Genoa Schiffahrtsgesellschaft mbH & Cie KG*, 783 F.3d 1010, 1015 (5th Cir. 2015).

30.      No ground to refuse enforcement of the Award applies in this case.

31.      Accordingly, Conti is entitled to and requests that the Court enter an order confirming the Award and making it a judgment of this Court.

   **WHEREFORE**, Conti respectfully prays that, after due proceedings are had, this Court enter an order confirming the Award and making it a Judgment of this Court, together with interest, and all costs of this proceeding, and grant Conti all other relief that the Court deems just and proper.

PD.37313036.2

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Arthur R. Kraatz*
Gary A. Hemphill (Bar #6768)
Jeremy T. Grabill (Bar #34924)
Arthur R. Kraatz (Bar #35194)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504-566-1311
Facsimile: 504-568-9130
Email: gary.hemphill@phelps.com
        jeremy.grabill@phelps.com
        arthur.kraatz@phelps.com

**ATTORNEYS FOR PLAINTIFF CONTI 11.
CONTAINER SCHIFFARTS-GMBH & CO.
KG MS "MSC FLAMINIA"**

7