UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CONTI 11. CONTAINER SCHIFFARTS-GMBH & CO. KG M.S. "MSC FLAMINIA" | * * * * | CIVIL ACTION NO. 2:22-CV-01114 |
| V. | * * | JUDGE CARL BARBIER |
| MSC MEDITERRANEAN SHIPPING COMPANY S.A. | * * | MAGISTRATE JUDGE DANA DOUGLAS |

*************************************

**MEMORANDUM IN OPPOSITION TO
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, MSC Mediterranean Shipping Company S.A. ("MSC"), respectfully submits this memorandum in opposition to the motion for judgment on the pleadings filed by Plaintiff, Conti 11. Container Schiffarts-GmbH & Co KG M.S. "MSC FLAMINIA" ("Conti"). (ECF 21).

**Background**

This action commenced by Conti is limited in nature. Conti seeks enforcement of certain arbitral awards issued in London under The Convention on the Recognition and Enforcement of Foreign Arbitral Awards and its implementing legislation, 9 U.S.C. §§ 201, 207 (the "Convention").

However, there is a larger context in which this action should be understood.

Within a few months of the July 14, 2012 explosion and fire aboard the M/V MSC FLAMINIA (the "Vessel"), both Conti and MSC were the subject of a number of lawsuits filed in the Southern District of New York by cargo interests. In response to these lawsuits, in December of 2021, Conti commenced a separate proceeding in the Southern District of New York, in which it sought exoneration from or limitation of liability pursuant to the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* (the "NY Limitation Proceeding").

1

Conti and MSC worked together in the NY Limitation Proceeding to establish liability on the part of Deltech Corporation ("Deltech") and Stolt Tank Containers B.V. ("Stolt"), as the manufacturer and shipper, respectively, of the DVB cargoes that were the source of the explosion and fire aboard the Vessel. This effort culminated in the issuance of two decisions in the NY Limitation Proceeding establishing that the DVB cargoes were the cause of the casualty[1] and that Deltech and Stolt were solely liable for the damages incurred by Conti.[2]

These two decisions provided Conti with a basis to recover all of its damages directly from Deltech and Stolt in the first instance. All that remained in the NY Limitation Proceeding was for the quantum of Conti's recoverable damages to be determined.

However, rather than proceed to obtain a recovery from Deltech and Stolt, Conti instead chose to pursue its long-dormant London arbitration remedy against MSC. At tremendous expense, and heedless of the risk of inconsistent results, Conti elected to essentially try the case all over again from scratch in a new forum.

MSC tendered the defense of the London arbitration proceeding to Deltech and Stolt, on the basis that those parties were found liable in the NY Limitation Proceeding to fully indemnify MSC for any losses incurred because of the shipment of the DVB cargoes. However, Deltech and Stolt declined to accept the tender, and consequently, MSC was forced to vigorously defend against Conti's claims in the London arbitration proceeding to mitigate its damages.

One of MSC's defenses against Conti's claims is the right to limitation of liability under the 1976 Convention on Limitation of Liability for Maritime Claims ("LLMC") and the 1996 Protocol to the LLMC, as implemented by the Merchant Shipping Act 1995 under UK law. In

---

[1] *In re M/V MSC FLAMINIA*, No. 12-CV-8892, 2018 WL 526549 (S.D.N.Y. Jan. 23, 2018).

[2] *In re M/V MSC FLAMINIA*, 339 F. Supp. 3d 185 (S.D.N.Y. 2018).

2

order to press that defense, in July of 2020, MSC duly commenced a limitation proceeding in the High Court of England and Wales (the "UK Limitation Proceeding").

Conti's motive for commencing this enforcement action is to avoid the potential impact of MSC's limitation defense. The U.S. is not a signatory to the LLMC, and MSC (as a time charterer of the Vessel) does not have the right to limitation of liability under the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*. Thus, to the extent Conti seeks enforcement of the arbitral awards in the U.S., MSC cannot limit its liability to Conti.

However, Conti wants to have its cake and eat it too. Conti continues to be a participant in the UK Limitation Proceeding for the purpose of challenging MSC's right to limitation under the LLMC. A hearing (effectively a bench trial) was conducted earlier this month before the Hon. Mr. Justice Andrew Baker to resolve the issue of which categories of Conti's damages are subject to limitation. A decision on this issue is expected to be handed down by Justice Baker next week (November 2 or 3, 2022).

If Justice Baker rules in MSC's favor, and a general limitation decree is issued in the UK Limitation Proceeding, Conti will be faced with a dilemma. If Conti claims against the limitation fund established by MSC, then under the terms of the general decree normally issued by the High Court in such cases, Conti will not be permitted to continue with prosecution of this enforcement action. On the other hand, if Conti elects not to claim against the limitation fund in the UK Limitation Proceeding, then it will have to forgo enforcement of its arbitral awards in not just the UK but also all the numerous other countries which are signatories to the LLMC.

**Argument**

In light of this context, MSC respectfully submits that, in the interests of justice, this Court should hold off from deciding Conti's instant motion until the issue of MSC's right to limitation is resolved in the UK Limitation Proceeding.

To be clear, MSC is not seeking a stay under Article VI of the Convention, as such would require a proceeding pending in the UK to set aside the London arbitral awards. There is no such proceeding pending.

Instead, MSC is respectfully asking the Court to exercise its inherent authority to manage and control its docket by reserving decision on Conti's motion until the UK Limitation Proceeding has run its course.

It is well-settled in the Fifth Circuit that "[a] district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This inherent authority extends to granting a stay when the court considers the record and finds the potential hardship and prejudice to the parties and the interests of judicial economy weighs in favor of granting the stay. *See Landis*, 299 U.S. at 254-55.

The First Circuit has recognized that a district court may, incidental to its inherent power to control the disposition of the cases on its docket, exercise its discretion to stay enforcement proceedings for prudential reasons under the Convention. *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 106 (1st Cir. 1995) (explaining that "[t]he fact that section 207 uses the word 'shall' is not decisive, because a stay is a deferral rather than refusal."). The Fifth Circuit discussed—without rejecting—the First Circuit's recognition that certain equitable considerations could lead a

district court to exercise its inherent authority to grant a stay of enforcement, but stopped short of "deciding whether we would recognize the same authority on the part of the district court…." *Wartsila Finland OY v. Duke Cap. LLC*, 518 F.3d 287, 294 (5th Cir. 2008).[3] Until the Fifth Circuit prohibits such authority, district courts retain their inherent powers to control the disposition of the cases on their dockets by adjourning confirmation proceedings of an arbitration award for equitable reasons.

Deferring ruling on Conti's motion until the UK Limitation Proceeding has run its course will not cause any significant prejudice to Conti. It is Conti which has elected to participate simultaneously in both the UK Limitation Proceeding and this enforcement proceeding, rather than choose one avenue for enforcement of the arbitral awards. It is only fair and equitable therefore, to require Conti to await the outcome of the UK Limitation Proceeding before obtaining a judgment from this Court.

To hold otherwise would essentially be an endorsement of Conti's efforts to circumvent a potentially adverse ruling in the UK Limitation Proceeding, and would cause significant harm to MSC by frustrating its potential right to limitation as a matter of UK law. Consequently, the balance of the equities weighs in favor of the Court reserving decision on Conti's motion until the UK Limitation Proceeding is resolved. Conti should not be allowed to participate in the UK Limitation Proceeding while simultaneously seeking to avoid the potential negative consequences of an adverse ruling in that proceeding. Instead, in order to preserve MSC's potential right to limit under UK law, this Court should defer ruling on Conti's motion.

---

[3] *See also Jolie Design & Decor, Inc. v. van Gogh*, No. CV 15-740, 2016 WL 1268341, at *6 (E.D. La. Mar. 31, 2016) (noting that "the United States Court of Appeal for the Fifth Circuit has not spoken on this issue."). In *Jolie Design & Décor, Inc.*, Judge Berrigan had granted a stay of an enforcement action under the Convention pending the outcome of a related proceeding before the Trademark Trial and Appeal Board. Ultimately, the stay was lifted on consent of the parties. *Jolie Design & Decor, Inc. v. Gogh*, No. CV 15-740, 2016 WL 3257585, at *4 n.4 (E.D. La. June 14, 2016).

**Conclusion**

For the foregoing reasons, MSC respectfully submits that, in the interests of justice, this Court should exercise its inherent authority to manage and control its docket by reserving decision on Conti's instant motion until the issue of MSC's right to limitation is resolved in the UK Limitation Proceeding.

Respectfully submitted,

MURPHY, ROGERS, SLOSS,
GAMBEL & TOMPKINS

*/s/ Peter B. Sloss*
Peter B. Sloss (#17142)
psloss@mrsnola.com
Robert H. Murphy (#9850)
rmurphy@mrsnola.com
Donald R. Wing (29486)
dwing@mrsnola.com
Samuel L. Sands (#40038)
ssands@mrsnola.com
701 Poydras Street
Suite 400, Hancock Whitney Center
New Orleans, LA 70139
Telephone: (504) 523-0400
Facsimile: (504) 523-5574
*Attorneys for Defendant, MSC*
*Mediterranean Shipping Company S.A.*

4874-8315-8843, v. 1