UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CONTI 11. CONTAINER SCHIFFARTS-GMBH & CO. KG MS "MSC FLAMINIA" | CIVIL ACTION NO.  22-1114 |
| VERSUS | JUDGE BARBIER |
| MSC MEDITERRANEAN SHIPPING COMPANY S.A. | MAGISTRATE JUDGE DOUGLAS |

REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Conti 11. Container Schiffarts-Gmbh & Co. KG MS "MSC FLAMINIA" ("Conti") respectfully submits this Reply Memorandum in support of its Motion for Judgment on the Pleadings (Rec. Doc. 21) to respond to the argument advanced by Defendant MSC Mediterranean Shipping Company S.A. ("MSC") in its opposition (Rec. Doc. 24).

The single most notable aspect of MSC's "opposition" is that it does not offer any substantive opposition to the merits of Conti's motion.  Stated differently, MSC does nothing to refute the now indisputable fact that Conti is entitled to a final judgment confirming the arbitration award in its favor.  MSC does not assert any defense available under Article V of the Convention nor does it seek a stay of these proceedings under Article VI of the Convention.[1]  Instead, MSC presents this Court with a truly extraordinary request: MSC asks this Court to refrain from deciding this case on the merits until such time as an allegedly related limitation proceeding in London has "run its course."

---

[1] With respect to the latter issue, MSC concedes that it has no right to seek a stay under Article VI.

The Court should reject MSC's request because the Convention and its enabling legislation in the United States prohibit the Court from granting MSC the relief it seeks. Moreover, even if the Court had the authority to grant MSC's request and even if MSC's request were procedurally proper, there is no good reason to grant MSC the relief it seeks. This is especially true given developments since MSC filed its opposition. On November 2, 2022, the judge presiding over MSC's limitation action in London issued a ruling holding that MSC was not entitled to limit any aspect of the arbitration award.[2] That decision only further demonstrates that MSC's litigation strategy, both here and in London, is focused on delay for the sake of delay. Because that is clearly not a good reason to withhold final judgment in this matter, Conti respectfully requests that the Court swiftly confirm Conti's arbitration award.

**A.  MSC's Request is Contrary to the Convention and its Enabling Legislation.**

9 U.S.C. § 207 states that, when presented with an application to confirm an award falling under the Convention, "[t]he court **shall** confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." (emphasis added). MSC does not dispute that the award in Conti's favor falls under the Convention. Indeed, it expressly admitted as much in its answer. *Compare* Rec. Doc. 1 at ¶¶ 24-28 (alleging that award falls under the Convention); Rec. Doc. 18 at ¶¶ 24-28 (admitting same). Thus, § 207 requires that this Court confirm the award unless "one of the grounds for refusal or deferral . . . specified in the said Convention" applies. In its motion for judgment on the pleadings, Conti pointed out that MSC had not raised any Convention ground for refusal or deferral of enforcement of the award in its answer. MSC does not dispute that assertion, nor does it raise any Convention-based ground for refusal or deferral of confirmation now.

---

[2] A copy of that decision is attached hereto as Exhibit A.

2

Instead, MSC argues that § 207 does not mean what it says. According to MSC, (notwithstanding Congress' use of the word "shall") this Court retains "inherent authority" to defer confirmation of the award for "equitable" reasons. MSC concedes, as it must, that the Convention says nothing about this alleged inherent power to defer confirmation for equitable reasons. Nor, of course, does § 207 grant any such power. And MSC further admits that the Convention *does* permit deferral of confirmation under certain situations, but that no such situation applies here. Nonetheless, MSC insists that the Court retains some alleged "inherent" authority to ignore the Convention.

MSC's position is contradicted by the plain text of § 207. Congress has instructed that the Court "shall confirm the award unless it finds one of the grounds for refusal or deferral . . . *specified* in the said Convention." 9 U.S.C. § 207 (emphasis added). That language simply leaves no room for the sort of broad discretionary authority suggested by MSC. Because Congress has explicitly stated that the Court *only* has authority to defer confirmation on a basis "specified" in the Convention, that necessarily excludes any extra-Convention basis for deferral.

MSC's sole attempt to avoid this straightforward result is its citation to a 27-year-old out-of-circuit case that purportedly adopted MSC's interpretation that § 207's shall/unless language is meaningless. But not even that case supports MSC's position.

In *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 102 (1st Cir. 1995), the First Circuit was confronted by a rather unique situation. In that case, Hewlett-Packard ("HP") and two individuals participated in an arbitration in Sweden in which both HP and the individuals asserted claims against each other. "To both parties' surprise," however, the tribunal required HP to bring its claims against the individuals in a separate arbitration proceeding. *Id*. at 103. As a result, the first tribunal awarded $700,000 to the individuals without deciding HP's $300,000 counterclaim. HP

3

promptly initiated a second arbitration to press its claims, but the individuals moved a U.S. district court for swift confirmation of the first award. HP asked the district court to defer confirmation of the first arbitration award pending the resolution of HP's counterclaim in the second arbitration. HP argued that it had voluntarily paid the first award in full, less the amount of its pending counterclaim, and that an intervening bankruptcy proceeding meant that HP's only plausible recovery on its counterclaim was by way of setoff against the first award. Thus, HP asked that the district court defer confirmation of the first award until the second arbitration was resolved. The district court denied HP's request, holding that it had no authority to grant it. On appeal, the First Circuit reversed.

In reaching the conclusion that the district court retained some residual stay authority notwithstanding the plain language of § 207, the First Circuit stated "[w]e fully understand the basis for the district court's doubt about its authority, but we conclude that it does have the power to issue a stay in the peculiar circumstances of this case." *Id*. at 105. In reaching that result, the court recognized that stays would often run contrary to the Convention's purposes but emphasized that, because of the unique circumstances of that case, granting a stay was actually pro-arbitration because it preserved HP's right to pursue the second arbitration. It is also clear that the First Circuit intended that even the limited extra-Convention deferral authority recognized in *Berg* be exercised sparingly. *See id*. at 106 ("[A] stay of confirmation should not be lightly granted. A central purpose of the Convention—an international agreement to which the United States is only one of approximately one hundred signatories—was to expedite the recognition of foreign arbitral awards with a minimum of judicial interference. But the risk that the power to stay could be abused by disgruntled litigants—real though that risk is—argues more for a cautious and prudent exercise of the power than for its elimination.").

In the 27 years since the First Circuit decided *Berg*, the Fifth Circuit has never accepted its rationale.[3] MSC suggests in its opposition that the Fifth Circuit once expressed openness to *Berg*'s reasoning, but that seriously overstates the Fifth Circuit's analysis. In *Wartsila Finland OY v. Duke Cap. LLC*, 518 F.3d 287, 289 (5th Cir. 2008), the district confirmed an arbitration award in favor of Wartsila and against Duke Energy ("DEI"). On appeal, DEI argued that the district court should have stayed the confirmation proceeding, citing *Berg*, because DEI had initiated a second arbitration proceeding against Wartsila and it wished to offset the results of the second arbitration against the first award in Wartsila's favor. After the district court denied a stay and confirmed the award, DEI appealed.

On appeal, the Fifth Circuit first emphasized that "[a] district court should enforce an arbitration award as written—to do anything more or less would usurp the tribunal's power to finally resolve disputes and undermine the pro-enforcement policies of the New York Convention." *Id*. at 292. After emphasizing that district courts should hew closely to the pro-enforcement polices of the Convention, the Fifth Circuit analyzed DEI's stay request. The Fifth Circuit stated that, "[w]ithout deciding whether we would recognize the same authority on the part of the district court, we note that DEI's request for a stay does not fall within the limited parameters described in *Berg*." *Id*. at 294. The Court further explained that, while DEI sought a stay in favor of a second arbitration, the bankruptcy and insolvency concerns discussed in *Berg* were not present in DEI's case. Because less than all of the unique circumstances from *Berg* were present, the Fifth Circuit affirmed the district court's denial of a stay. *Id*. at 295.

---

[3] As noted above, there is good reason to believe that *Berg* was wrongly decided and would not be adopted by the Fifth Circuit. While the *Berg* court did discuss § 207's use of the word "shall" it made no attempt to address the additional language in § 207 that limits deferral authority to grounds "specified" in the Convention.

PD.40278840.1

Thus, not only did the Fifth Circuit not endorse *Berg*'s reasoning, but it *specifically declined* to extend the extra-Convention stay authority granted in *Berg* beyond the unique circumstances of that case. MSC argues that this tepid non-rejection of *Berg* amounts to the grant of expansive stay authority for any "equitable" reason. That argument wholly misreads *Wartsila*. At best, the Fifth Circuit has refused to apply *Berg* beyond the specific facts of that case.

In any event, because the Fifth Circuit has not adopted the *Berg* analysis, this Court remains free to decide for itself whether the *Berg* decision is faithful to the text of § 207. Because it is plainly not, and because Congress has clearly deprived district courts of any extra-Convention deferral authority, the Court should hold that it lacks the authority to entertain MSC's request and grant Conti's Motion.

> B. **Even if this Court Has the Authority to Defer Confirmation, MSC's Proposed Justification for a Stay is Meritless.**

As noted above, the Fifth Circuit has, at best, limited *Berg*'s reasoning to its specific facts. *Berg* deferred confirmation of an arbitral award in favor of a second arbitration proceeding falling under the Convention because there were concerns that a decision from the second tribunal would be uncollectable except by way of offset against the first award. None of those circumstances are present here. There is no second arbitration proceeding to defer to and there are no insolvency or bankruptcy concerns associated with a theoretical second arbitration award. Thus, a stay is inappropriate.

But even assuming that this Court can issue a stay in circumstances other than those present in *Berg*, MSC has offered no good reason for deferring confirmation in this case. MSC argues that Conti should be forced to await the resolution of the London Limitation proceeding, but it offers no convincing reason why. MSC does not contend that the outcome of the London Limitation would have any impact on this case. Indeed, MSC states that, if it prevails in the London

6

Limitation proceeding, Conti will have to choose between either (i) enforcing its award in London and forgoing enforcement in all other jurisdictions, or (ii) forgoing enforcement in all jurisdictions that are parties to the Limitation Convention, to which the United States is not a party. Thus, in MSC's telling, the London Limitation court may eventually force Conti to choose between collecting on its award here or in London, but MSC presents no argument (let alone evidence) that *any* possible result of the London Limitation proceeding would *prevent* Conti from pursuing this confirmation action except on Conti's own election.[4]

But it gets even worse for MSC. After MSC filed its opposition in this matter, the judge presiding over the London Limitation action issued a ruling holding that MSC had no right to limit *any aspect* of the arbitration award. *See* Exhibit A. Thus, it is now clear that there is no reason to defer to the London Limitation action because it cannot have *any* plausible effect on this proceeding. Other than MSC's subjective desire to avoid paying the award, there is no reason to delay this action. This Court should not grant MSC's request because it seeks delay for the mere sake of delay.

Indeed, there is no clearer evidence of this than the about-face MSC has made in the last several weeks. On September 19, 2022, MSC asked this Court to certify its ruling on personal jurisdiction for immediate interlocutory appeal. Rec. Doc. 17. In that motion, MSC insisted that "It is therefore in both Conti and MSC's interest to allow an appeal from the denial of MSC's motion to be heard as early as possible. This would also be the best and most efficient use of judicial resources." Rec. Doc. 17-1 at p. 9. Thus, just a few weeks ago, it was essential that an appeal of the jurisdictional issue occur as soon as possible.

---

[4] Indeed, several months ago MSC asked the court presiding over the London Limitation action to issue an anti-suit injunction preventing Conti from filing an action like this one, but that request was rejected by the London court.

PD.40278840.1

Since that time, all that has happened is that MSC has conceded that there is no obstacle to this Court issuing a final judgment on the merits. This, of course, means that the *only* issue for appeal is the jurisdictional argument that MSC demanded be immediately appealed just a few weeks ago. Thus, the only thing now standing between MSC and the appeal it urgently needed is the entry of final judgment confirming the award. But, now that an interlocutory appeal is unavailable (given the Court's denial of MSC's confirmation motion), MSC has suddenly reversed course. Now, according to MSC, the most equitable thing is to delay the entry of final judgment, and by extension MSC's appeal, as long as possible. Because MSC only seeks delay for its own sake, the Court should deny MSC's request.

### C. Conclusion

Congress, the Supreme Court, and the Fifth Circuit have all issued clear commandments that cases such as this be decided expeditiously. But MSC asks this Court to delay deciding this case in direct contravention of those instructions. By admitting that the arbitration award in favor of Conti falls under the Convention and then failing to assert any *cognizable* reason to defer or deny enforcement, MSC made the resolution of this motion simple. There is nothing left for this Court to decide, other than whether it will grant MSC's request to ignore the express command of 9 U.S.C. § 207. The Court should deny that meritless request and grant Conti's motion.[5]

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: /s/ Arthur R. Kraatz
     Gary A. Hemphill LA Bar #6768

---

[5] In its original motion, Conti stated that the parties could likely agree on the form of a final judgment once the Court resolved this motion. Given MSC's clear desire to delay this action as much as possible, Conti requests that the Court set swift deadlines for the submission of a judgment in agreed form.

8

Jeremy T. Grabill (Bar #34924)
Arthur R. Kraatz (Bar #35194)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email: gary.hemphill@phelps.com
Email: jeremy.grabill@phelps.com
Email: arthur.kraatz@phelps.com

**ATTORNEYS FOR PLAINTIFF CONTI 11. CONTAINER SCHIFFARTS-GMBH & CO. KG MS "MSC FLAMINIA"**

9