UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CONTI 11. CONTAINER SCHIFFARTS-GMBH & CO. KG M.S. "MSC FLAMINA" | CIVIL ACTION |
| VERSUS | No. 22-1114 |
| MSC MEDITERRANEAN SHIPPING COMPANY S.A. | SECTION: "J"(3) |

### ORDER & REASONS

Before the Court is a *Motion for Judgment on the Pleadings* **(Rec. Doc. 21)** filed by Plaintiff, Conti 11. Container Schiffarts-GmbH & Co. KG M.S. "MSC FLAMINIA" ("Conti"); an opposition (Rec. Doc. 24) filed by Defendant, MSC Mediterranean Shipping Company S.A. ("MSC"); and a reply (Rec. Doc. 27) filed by Conti. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motion should be granted.

### FACTS AND PROCEDURAL BACKGROUND

This case arises from facts more fully explained in the Court's Order and Reasons (Rec. Doc. 16) denying MSC's motion to dismiss for lack of jurisdiction. In short, Conti, as owner, chartered the M/V MSC FLAMINIA ("FLAMINIA") to MSC. The Charterparty required that all disputes arising out of the agreement be submitted to arbitration in London. On June 30, 2012, the FLAMINIA arrived at the New Orleans Terminal. The following day, three tanks of 80% divinylbenzene ("DVB80"), which requires storage temperatures below eighty degrees Fahrenheit, were loaded into the vessel. The tanks of DVB80 had previously been stored outdoors,

1

and after being loaded onto the FLAMINIA, the tanks were stowed below deck. On July 1, 2012, the FLAMINIA departed the Port of New Orleans and, on July 14, 2012, while transiting the Atlantic Ocean, the tanks of DVB80 exploded, and a fire occurred aboard the vessel. This explosion and fire resulted in the deaths of three crewmembers, extensive damage to the cargo onboard, and over $100 million in damages to the FLAMINIA.

Litigation ensued in the Southern District of New York, including Conti's limitation action. The New York federal court trifurcated the case into separate trials on causation, liability, and damages. While the litigation progressed in New York, Conti pursued its arbitral claims against MSC in London under the Charterparty. The arbitration panel in London held that MSC had breached the Charterparty and is liable to Conti for approximately $200 million (the "Award"). To date, MSC has paid about $30 million. Conti filed the instant action seeking confirmation of the Award pursuant to The Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention").

After the Court denied MSC's motion to dismiss alleging that this Court lacks personal jurisdiction over MSC, MSC answered Conti's complaint. In its answer, MSC alleges the following affirmative defenses: lack of personal jurisdiction, the complaint is not compliant with 9 U.S.C. 6, 13, the court may refuse to recognize the enforceability of the arbitral award for one of the grounds the Convention, the awards may be subject to limitation under English law, and improper venue. (Rec. Doc. 18, at 4). On October 4, 2022, Conti filed the instant motion for judgment on the pleadings

pursuant to Federal Rule of Civil Procedure 12(c), and MSC responded on October 25, 2022.

## LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

Courts evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In deciding a motion under Rule 12(c), the Court must determine whether the complaint, viewed in the light most favorable to the non-moving party, states a valid claim for relief. *Id.* While the Court must accept the factual allegations in the pleadings as true, the "plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court is not, however, bound to accept as

true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

In deciding the motion, the Court may look only to the pleadings, *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), and exhibits attached to the pleadings, *see Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998). The Court may consider materials outside the pleadings if those materials are matters of public record. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006).

## DISCUSSION

Conti argues that, because MSC admitted each element of Conti's *prima facie* case for confirmation of the Award, this court must confirm the Award unless MSC can prove that an affirmative defense applies. (Rec. Doc. 21-1, at 6). Further, because MSC neither timely moved to vacate the award nor named an applicable affirmative defense in its answer, Conti contends that there is no barrier to confirmation of the award. *Id.* at 8-12). In opposition, MSC requests that, in light of district courts' inherent authority to control its docket, this Court should "hold off from deciding Conti's instant motion" until an additional limitation proceeding in the UK is resolved. (Rec. Doc. 24, at 4). In reply, Conti contends that MSC's request runs Contrary to the plain text of the Convention, which enumerates specific grounds for

4

refusal or deferral of confirmation of an arbitral award.[1] (Rec. Doc. 17, at 2) Conti also notes that, on November 2, 2022, the judge presiding over MSC's limitation action in London issued a ruling holding that MSC was not entitled to limit any aspect of the arbitration award.[2] *Id.*

The parties agree that the arbitration award in this case is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). *See* (Rec. Docs. 1, 18). The Convention applies "when an arbitral award has been made in one signatory state and recognition or enforcement is sought in another signatory state." *Asignacion v. Rickmers Genoa Schiffahrtsgesellschaft mbH & Cie KG*, 783 F.3d 1010, 1015 (5th Cir. 2015) (citing Convention, 21 U.S.T. at 2566). Enforcement of an award is governed by the Convention, as implemented at 9 U.S.C. § 201 *et seq.*, if the award arises out of a commercial dispute and at least one party is not a United States citizen. *Id.*

When a party to an award governed by the Convention brings an action to enforce the award, the district court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C.A. § 207. The district court's review of an award is "extraordinarily narrow," and the party opposing enforcement of the award bears the

---

[1] Conti also notes that MSC concedes it has no right to seek a stay under Article VI of the Convention. MSC clarified that it is not seeking a stay under Article VI because it would require a proceeding pending in the UK to set aside the arbitral awards, and no such proceeding is pending. (Rec. Doc. 24, at 4).

[2] *See* (Rec. Doc. 27-1, at 37) ("For the reasons given above, in my judgment Conti's claim against MSC, as pursued and made good in the arbitration, is not subject to tonnage limitation under any part of Article 2.1 of the Amended 1976 Convention. It was a claim in respect of damage to the ship (including consequential loss resulting therefrom); and that is not a limitable claim.").

burden of proof. *Asignacion*, 783 F.3d at 1015 (citing *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 352 (5th Cir.2004), *abrogated on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008)). The grounds for a court to refuse to confirm an award under the Convention include, exclusively:

> (1) incapacity of a party or invalid arbitration agreement
> (2) improper notice of the arbitral proceedings
> (3) the arbitrator or arbitral panel exceeded its authority and decided matters outside the scope of the parties' submissions
> (4) the composition of the arbitral authority was not in accordance with the parties' agreement or the law of the country where the arbitration took place
> (5) the award is not yet binding on the parties or has been set aside by a court in the country where arbitration took place
> (6) the subject matter of the arbitration cannot be resolved by arbitration under the law of the country where enforcement is sought
> (7) enforcement of the award would be contrary to the public policy of the country where enforcement is sought

Convention Done at New York June 10, 1958, art. V, 21 U.S.T. 2517.

In this case, the arbitration award at issue arises out of a commercial dispute and was rendered in the United Kingdom, a signatory to the Convention. (Rec. Doc. 21-1, at 6). Additionally, neither Conti nor MSC is a United States citizen. *Id.* Thus, the Convention applies, and this Court must confirm the Award unless MSC establishes one of the Article V affirmative defenses.

However, MSC does not assert one of the seven enumerated defenses in its answer or in its opposition. MSC's sole attempt at invoking an Article V defense is its fourth defense in its answer, which states: "Pursuant to 9 U.S.C. 207, the recognition and enforceability of the arbitral awards at issue may be refused by this Court for one or more of the grounds identified in Article V of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards." (Rec. Doc. 18, at 4). MSC

6

neither names a specific defense nor provides factual support for this contention. The Court finds that MSC's above allegation does not adequately assert an affirmative defense because it does not plead with enough specificity or factual particularity to give Conti fair notice of the defense. *See Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008); *see also Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (holding that simply naming the broad affirmative defenses of "accord and satisfaction" and "waiver and/or release" falls well short of the minimum particulars needed to identify the affirmative defense in question and notify the plaintiff of the defendant's intention to rely on a specific, contractual defense). MSC's remaining affirmative defenses include lack of personal jurisdiction, improper venue, and failure to comply with other provisions of the Federal Arbitration Act. Notwithstanding our previous rejection of MSC's jurisdictional argument, these defenses are not included in the list of grounds for this Court's refusal to confirm the Award.

Further, instead of pleading one of the permissible defenses, MSC requests that this Court exercise its inherent control of its docket to reserve a decision until the UK Limitation Proceeding is complete. (Rec. Doc. 24, at 4-5). Indeed, the UK limitation proceeding has since run its course, holding that Conti's arbitration claim was not subject to the limitation. (Rec. Doc. 27-1, at 34-37). Thus, even if the court was persuaded by MSC's request to "hold off" deciding this motion, this argument is no longer relevant. Because the arbitration award against MSC is subject to the Convention, and because MSC did not raise a valid defense to confirmation, this Court must confirm the Award.

7

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Conti's *Motion for Judgment on the Pleadings* **(Rec. Doc. 21)** is **GRANTED.** Therefore, the arbitration award is **CONFIRMED.**

**IT IS FURTHER ORDERED** that the parties shall submit an agreed-upon form of Judgment within fourteen days.

New Orleans, Louisiana, this 22nd day of November, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE